UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAREGAMA INDIA LTD.,**
Plaintiff,

v.

**BHARATH AIYER, et al.,**
Defendants.

Case No. 1:25-mc-30-GHW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2025

**MEMORANDUM ENDORSED**

**LETTER-MOTION FOR CORRECTION UNDER FRCP 60(a) AND LIMITED RECONSIDERATION UNDER LOCAL CIVIL RULE 6.3**

Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Woods:

I am the Defendant, appearing pro se. I respectfully move (i) to correct factual errors in the Court's September 11, 2025 Order (ECF No. 13) pursuant to Fed. R. Civ. P. 60(a), and (ii) for limited reconsideration under Local Civil Rule 6.3 regarding the timeliness determination under CPLR § 5222-a(d).

**1. Factual Corrections (Rule 60(a))**

The Order states that Plaintiff "served the motion on both HSBC Bank and Aiyer on June 18, 2025—three days after receiving the exemption form." This contains two factual errors:

- **Service date**: Plaintiff's Certificate of Service states June 18, 2025, but the official USPS tracking record (Exhibit A) shows the package was not actually accepted into USPS custody until **June 20, 2025**. Under CPLR § 2103(f)(1) and Fed. R. Civ. P. 5(b)(2)(C), service by mail is complete only upon deposit with USPS.
- **Elapsed days**: Even assuming arguendo that service occurred June 18, the period from June 13 to June 18 is **five days, not three**.

Accordingly, I respectfully request that the Court correct the Order to reflect (i) June 20, 2025 as the operative service date, and (ii) the accurate count of elapsed days.

## 2. Limited Reconsideration (Local Civil Rule 6.3)

The Order appears to calculate the eight-day deadline in CPLR § 5222-a(d) from when Plaintiff's counsel received my exemption claim on June 13. Respectfully, this misapprehends the statutory trigger.

CPLR § 5222-a(d) provides that a judgment creditor objecting to an exemption "must serve the banking institution and the judgment debtor with its motion papers within eight days after the date postmarked on the envelope containing the executed exemption claim form or the date of personal delivery of the executed exemption claim form to the banking institution."

My executed exemption claim was signed and deposited with UPS for delivery to both HSBC Bank and Plaintiff on **June 10, 2025**. The UPS records showing the June 10 deposits to both HSBC Bank and Plaintiff are attached as Exhibit B. Under CPLR § 5222-a(d), the June 10 postmark is the statutory trigger for the eight-day deadline, which therefore required Plaintiff's objection to be served **no later than June 18, 2025**. Plaintiff's service by mail, however, was

complete only upon deposit with USPS on **June 20, 2025** (Exhibit A), pursuant to CPLR § 2103(f)(1) and Fed. R. Civ. P. 5(b)(2)(C). **Accordingly, Plaintiff's service by mail was untimely because it was not complete until June 20, 2025, two days after the statutory eight-day deadline had already expired.**

**3. Relief Requested**

I respectfully request that the Court:

1. Correct the Order under Rule 60(a) to reflect June 20, 2025 as the operative service date and to correct the elapsed-day calculation;
2. On reconsideration, hold that Plaintiff's objection was untimely under CPLR § 5222-a(d) and deny the motion; or, in the alternative, permit focused supplemental briefing on the timeliness issue; and
3. Issue a brief administrative stay of enforcement pending resolution of this motion.

Thank you for the Court's consideration.

Respectfully submitted,

Dated: Sep 11, 2025
Laguna Niguel, California

**Bharath Aiyer**
Defendant, Pro Se
27931 Loretha Ln.
Laguna Niguel, CA 92677

Plaintiff is directed to file any response to Defendant's motion for correction under Fed. R. Civ. P 60(a) and for limited reconsideration under L. Civ. R. 6.3 by no later than September 22, 2025. Defendant's reply, if any, is due no later than September 29, 2025.

Plaintiff is directed to serve a copy of this order on Defendant and HSBC Bank.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 15, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge